**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Vito Renee Oliva,<br><br>    Defendant. | No. CR-07-00582-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant's "Motion to Expedite Extradition Per Probation Violation" in which Defendant requests a writ to move him from state custody to federal custody to facilitate proceedings related to his supervised release violation. Doc. 30. The United States opposes the motion. Doc. 32. For the reasons that follow, the Court will deny Defendant's motion.

**A.  Background.**

Defendant was sentenced to 40 months in the Bureau of Prisons followed by a 36 month term of Supervised Release for the crime of Felon in Possession of a Firearm. On October 8, 2011, Defendant was arrested for the commission of various state crimes. After a previous plea was set aside, Defendant pled guilty to aggravated assault and cruelty to animals on February 10, 2012. On March 19, 2012, he was sentenced to six years in the Arizona Department of Corrections for aggravated assault and four years and six months for cruelty to animals, to be served concurrently.

On October 21, 2011, the United States filed a petition to revoke Supervised Release based on the conduct for which Defendant was charged and sentenced.

Defendant now seeks a writ to move him from state custody to federal custody to facilitate the Supervised Release Violation proceedings.

**B.      Analysis.**

Supervised release violations are controlled by the Due Process Clause of the Fifth Amendment and not the Speedy Trial Act, 18 U.S.C. § 3661. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). Under Federal Rule of Criminal Procedure 32.1, the clock does not start on a violation of supervised release until a person "is held in custody for violating . . . supervised release[.]"

A detainer has been lodged against Defendant for violation of his supervised release, but he has not been arrested for that violation. His current detention is a result of the sentence he received in state court. Under the sentencing guidelines policy, any sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation. *United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995). The Court will not issue a writ for Defendant's transfer when he is currently suffering no prejudice as a result of the detainer that has been issued against him.

Additionally, Federal Rule of Criminal Procedure 32.1 requires a defendant's presence at the initial appearance, and under Rule 43 a defendant may not voluntarily absent himself from a sentencing until after he or she has made at least one appearance before the court. Thus, Defendant's waiver of appearance to allow the Court to sentence him in *absentia* before he has completed his state sentence is not permitted.

**IT IS ORDERED** that Defendant's motion for a writ to expedite extradition (Doc. 30) is **denied.**

Dated this 10th day of January, 2013.

_____
David G. Campbell
United States District Judge